Felix Sciulli, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Argued March 3, 1983, before Judges Rogers, Craig and Doyle, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for petitioner.

*George Neuhauser,* Deputy Attorney General, with him, *Sally A. Lied* and *Francis R. Filipi,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 28, 1983:

Claimant Felix Sciulli appeals from an order of the Pennsylvania. Crime Victim's Compensation Board.

On November 31, 1978, a criminal assailant struck Keith Sciulli, minor son of the claimant, with a glass beer mug. As a result of the assault, Keith Sciulli is blind in his left eye.[1]

The board awarded the claimant $391.33 for loss of earnings and out-of-pocket expenses related to his son's injury, but did not compensate the claimant for those medical expenses which were covered by his insurance policy. This appeal questions that denial of compensation.

The board subjected the claimant's medical expense claim to the reduction provision of §477.9(e) of the Crime Victim's Compensation Act, which provides, in relevant part:

> (e) Except for claims involving dismemberment or loss of an eye, any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury . . . under any insurance programs including those mandated by law [or] under any contract of insurance wherein the claimant is the insured beneficiary.[2]

The claimant argues here that the board incorrectly interpreted that section to require the physical loss of the eye tissue in order to qualify for the exception to the set-off provision.

The act does not define either "dismemberment" or "loss of an eye"; therefore, we rely upon the Statutory Construction Act, which requires construction of

---

[1] Finding of Fact 11 in the Report and Recommendation of the Crime Victim's Compensation Board.

[2] Section 477.9 of the Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §180-7.9(e).

words and phrases according to their common and approved usage.[3]

Webster's Third New International Dictionary, Unabridged Edition, defines the verb "dismember", in part, as follows:

> to cut or tear off or disjoin the limbs, members, or parts of; to tear into pieces: to take apart . . . : mangle, mutilate.

The same source defines "member" as "a body part or organ."

From those definitions, we conclude that the loss or removal of a body part, including the eyeball, would come within the scope of "dismemberment."

Hence, if the presence of the phrase "loss of an eye" adds anything to the statute, it must function to bring within the exception those instances in which the victim loses the function of an eye without actually losing the eye tissue. In construing a statute, we must assume that the legislature intended that every word of that statute would have effect.[4]

The board emphasizes a contract between this Act and the Workmen's Compensation Act,[5] where the legislature expressly equated the loss of an eye with the loss of the use of an eye.[6] The board contends that, because the legislature made no similar equation in the Crime Victims Compensation Act, we should conclude that the legislature did not intend to include loss of use within the statute.

We must reject the board's contention as unpersuasive. The legislature's foresight with respect to avoiding an interpretation difficulty in the Workmen's Compensation Act does not require a conclusion

---

[3] 1 Pa. C. S. §1903(a).

[4] 1 Pa. C. S. §1922(2) ; *See Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979).

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1603.

[6] 77 P.S. §512(7), (24).

that an opposite result was intended simply because the legislature did not pursue the same degree of thoroughness in the Act which governs here.

The board further contends that, if the exception to §477.9(e) is applicable, we should limit its coverage to those insurance proceeds that are specifically denominated as compensation for the loss or dismemberment. That section, the board argues, should not except any other payments covering medical expenses which result from the loss.

The language of the statute precludes that interpretation. It states simply "[e]xcept for claims involving dismemberment or loss of an eye. . . ." The claim here clearly involves the loss of an eye, and we will not read restrictions into a statute where none appear.

Accordingly, we reverse that part of the board's order denying compensation for medical expenses covered by claimant's insurance.

### ORDER

Now, April 28, 1983, the Order of the Crime Victim's Compensation Board, Claim No. 79-0270-B, dated April 1, 1981, to the extent that it denied compensation for medical expenses covered by insurance, is reversed.